# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TINA JACQUELYN CARSON,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO. 1:22-00221-JB-N<br>) |
| EEOC,<br>    Defendant. | )<br>) |

## REPORT AND RECOMMENDATION

The Plaintiff, **TINA JACQUELYN CARSON**, who is proceeding without counsel (*pro se*), initiated this civil action by filing a complaint on June 9, 2022. *See* (Doc. 2); Fed. R. Civ. P. 3. Carson also paid in full the filing and administrative fees for this action at the time of filing the complaint (*see* Doc. 1), and was issued a signed and sealed summons by the Clerk of Court (Doc. 3).[1] On July 19, 2022, the Court entered a "Service Order" which stated, among other things: "If within forty-five (45) days after the filing of the Complaint"—here, by Monday July 24, 2022, see Fed. R. Civ. P. 6(a)—"Plaintiff has not effected service by summons or waiver of service, Plaintiff shall file with the Court a notice describing the action taken by Plaintiff to effect service and the results thereof." (Doc. 4, PageID.7). *Accord* S.D. Ala. CivLR 4(a)(3). To date, Carson has not filed proof of service of the Defendant with the Court, nor has she filed a notice describing her efforts to effect service. Further, the

---

[1] *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.")

Defendant has not answered the complaint or otherwise appeared, and there is no proof that it has waived service in this action.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also* S.D. Ala. CivLR 41(a) ("Whenever the Plaintiff has not completed service of process within the time required by Fed. R. Civ. P. 4(m), and the Defendant has not waived service under Fed. R. Civ. P. 4(d), the Court upon notice may dismiss the action in accordance with Fed. R. Civ. P. 4(m).").

As the complaint was filed June 9, 2022, Carson was initially required to have served the Defendant by September 7, 2022. On November 30, 2022, noting that "nothing in the record indicate[d] that" Carson had served the Defendant by then, the undersigned Magistrate Judge entered an order stating that, no later than December 30, 2022, Carson was to either (1) "[s]erve the Defendant, an agency of the United States, with process in accordance with Federal Rule of Civil Procedure 4(i)(2) (setting forth the requirements '[t]o serve a United States agency or corporation…')[,]" or (2) "[f]ile with the Clerk of Court a motion or brief showing good cause why this action should not be dismissed without prejudice under Rule 4(m) for failure to timely

service the Defendant."² (Doc. 5). That order further noted: "In the event Carson succeeds in serving the Defendant by the above deadline, she, or the person making service, must file proof thereof with the Clerk of Court in accordance with Federal Rule of Civil Procedure 4(l)(1) ('Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by the server's affidavit.') 'within seven (7) days of the date of service.' S.D. Ala. CivLR 4(a)(1)."³ (*Id.*). Finally, Carson was warned that her "[f]ailure to comply with th[e November 30] order may result in dismissal of this action without prejudice under Rule 4(m)." (*Id.*). To date, Carson has not complied with the Court's prior order or otherwise taken any action to further this case.

"[A]lthough [courts] are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002) (per curiam)) (affirming dismissal of a pro se plaintiff's civil action for failure to properly serve a defendant in accordance with Rule 4). Carson has made no effort to show "good cause" to warrant a further extension of time for service under Rule 4(m), and the undersigned does not find any other circumstances that may warrant an additional extension, especially

---

2 *See* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period.").

3 Thus, under CivLR 4(a)(1), the latest Carson could have filed proof of service was January 6, 2023—7 days after the extended deadline to serve the Defendant.

considering Carson's complete failure to respond to the Court's prior order or to otherwise take any action indicating that she desires to continue with this action since initiating it over seven months ago.[4] Moreover, it is highly unlikely that Carson's failure to serve can be attributed to difficulty in locating the appropriate entities for service. In order to serve the Defendant EEOC, a federal agency, Carson was merely required to provide a copy each of the summons and complaint to the United States Attorney for this district, the United States Attorney General at Washington, D.C., and the EEOC itself, *see* Fed. R. Civ. P. 4(i)(2)—all of which are easily located with even a modest amount of diligence.

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a), the undersigned **RECOMMENDS** that the Court **DISMISS** this action **without prejudice** *sua sponte* under Rule 4(m) for failure to timely serve the Defendant, and that final judgment be set out accordingly by separate document under Federal Rule of Civil Procedure 58.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

---

[4] *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) ("[A] district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.").

manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **24th** day of **January 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**